IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CHRISTOPHER DALTON,                ) | |
|     Plaintiff,                                     ) | |
| ) | |
| v.                                                      ) | 4:20-cv-00621-CLM |
| ) | |
| KILOLO KIJAKAZI,                            ) | |
| Acting Commissioner of the          ) | |
| Social Security Administration,    ) | |
|     Defendant.                                ) | |

## **MEMORANDUM OPINION**

The magistrate judge previously assigned this case has recommended that the court affirm the Social Security Administration's ("SSA") decision to deny Plaintiff Christopher Dalton's application for a period of disability and disability insurance benefits. Doc. 17. Dalton has filed one brief objection to the magistrate judge's recommendation. Doc. 18.

According to Dalton, the magistrate judge erred by finding that the ALJ properly discredited Dalton's subjective pain testimony. An ALJ must apply the two-step "pain standard" to subjective testimony regarding pain. Under this standard, the claimant must first present "evidence of an underlying medical condition." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If he does, the claimant must then either: (a) present "objective medical evidence confirming the severity of the alleged pain," or (b) show "that the objectively determined medical condition can

1

reasonably be expected to give rise to the claimed pain." *See id.* This court "will not disturb a clearly articulated credibility finding supported by substantial evidence." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

At the ALJ hearing, Dalton testified that he suffered from pain and numbness in his back and lower extremities, which prevented him from doing even sedentary work activity. R. 37, 62. The ALJ found that Dalton's medically determinable impairments could reasonably be expected to cause some of his alleged symptoms and some functional limitations. But he determined that Dalton's statements about the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical and nonmedical evidence in the record. Dalton contends that the ALJ's credibility determination did not properly account for his need for a two-level fusion Dr. White, his neurosurgeon, recommended but that he did not have because his worker's compensation carrier refused to pay for it. The magistrate judge found that the ALJ adequately considered Dr. White's recommendation and that "substantial evidence supports the ALJ's findings, Dalton's alleged need for an additional procedure notwithstanding." Doc. 17 at 18–19.

The court agrees with the magistrate judge that the ALJ correctly applied the pain standard and that substantial evidence supports his credibility determination. As the magistrate judge noted, the ALJ considered Dr. White's recommendation that Dalton undergo a two-level fusion when evaluating Dalton's subjective pain

testimony and assessing Dalton's residual functional capacity. R. 38. The ALJ then acknowledged that after Dr. White's recommendation Dalton "continued to have significant low back and lower extremity symptoms, including pain and numbness." R. 38. So, contrary to Dalton's assertion, the ALJ did not reject his testimony that he suffered from chronic pain and numbness. Instead, as discussed above, the ALJ found that the evidence undermined Dalton's allegations related to the intensity, persistence, and limiting effects of these symptoms. "In other words, the [ALJ] found that [Dalton's] condition could reasonably be expected to give rise to some pain, but it did not 'give rise to the *claimed* pain.'" *Whitmore v. Soc. Sec. Admin., Comm'r*, --- F. App'x ----, 2021 WL 1961926, at *2 (11th Cir. May 17, 2021). The ALJ thus correctly articulated the pain standard.

And, despite Dalton's alleged need for more surgery, substantial evidence supports the ALJ's determination that his symptoms were not as severe as he alleged. As the ALJ noted, Dr. Ham, Dalton's primary care physician, oversaw the management of Dalton's back pain. Dr. Ham's treatment notes reflect that while Dalton consistently reported worsening, radiating pain in his lower extremities, he also consistently denied tingling, numbness in his legs and feet, and limb weakness. R. 777, 783, 790, 795, 797, 799, 844–45, 848, 851–52, 855, 858, 864. Dr. Ham also prescribed Dalton narcotic pain medication to treat the pain in Dalton's lower extremities and repeatedly noted that Dalton's activities of daily living improved

with medication. R. 777, 780, 783, 790, 791, 795, 797, 798, 799, 845, 849, 852, 856, 859, 862, 865. Plus, as recounted in the report and recommendation, the ALJ thoroughly discussed Dalton's other treatment records, the opinion evidence from several physicians, and the evidence of Dalton's daily activities when evaluating Dalton's subjective pain testimony and assessing his residual functional capacity. A reasonable person could view this evidence and find that Dalton's pain was less severe than he alleged. So even though the court may have made a different credibility determination than the ALJ, the ALJ did not reversibly err. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

\* \* \*

In summary, having considered the entire case file, including the magistrate judge's report and recommendation, the court **OVERRULES** Dalton's objection, **ADOPTS** the report of the magistrate judge, and **ACCEPTS** his recommendation. So the court will **AFFIRM** the Commissioner's decision to deny benefits. By separate order, the court will close this case.

**DONE** on July 22, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE